UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LORETTA YOUNG | CIVIL ACTION |
| VERSUS | 18-1109-SDD-EWD |
| WAL-MART STORES, INC. AND/OR<br>WAL-MART LOUISIANA, LLC D/B/A<br>WAL-MART SUPER CENTER SIEGEN<br>LANE AND XYZ INSURANCE COMPANY | |

## **RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, Wal-Mart Louisiana, LLC ("Walmart"). Local rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. Despite this rule, Plaintiff Loretta Young ("Plaintiff") failed to timely oppose this motion, which was electronically filed on November 14, 2019. Under the Federal Rules of Civil Procedure and the Local Rules of Court, Plaintiff was required to file an opposition no later than December 5, 2019. At no time did Plaintiff request an extension of time to oppose this motion.

Therefore, the pending motion is deemed to be unopposed and further, after reviewing the record, the Court finds that the Motion has merit, particularly because Walmart's *Statement of Undisputed Facts*[2] is uncontroverted, and the summary judgment

---

[1] Rec. Doc. No. 18.
[2] Rec. Doc. No. 18-4.
Document Number: 58484

evidence submitted supports Walmart's arguments. Accordingly, **IT IS HEREBY ORDERED** that Walmart's *Motion for Summary Judgment*[3] is GRANTED, and this matter shall be dismissed with prejudice. The *Motion for Expedited Hearing*[4] is DENIED as moot.

Any response to this *Ruling*, <u>which should explain the Plaintiffs' failure to comply with the Court's deadlines</u>, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen (14) days <u>and</u> must be accompanied by an opposition memorandum to the original Motion. Counsel for Plaintiff is cautioned that the Fifth Circuit has routinely concluded that calendaring errors do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).[5]

On review of the pleadings filed along with the opposition, the Court, at its discretion, may assess costs, including attorney's fees, against the moving party, if the Court deems that such a motion was unnecessary had a timely opposition memorandum been filed.[6] A statement of costs conforming to L.R. 54(c) shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than seven (7) days prior to the hearing on the newly filed motion.

Baton Rouge, Louisiana, this 18th day of December, 2019.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[3] Rec. Doc. No. 18.
[4] Rec. Doc. No. 19.
[5] *See, e.g., Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 Fed.Appx. 431, 432 (5th Cir. 2012) (affirming the district court's denial of a Rule 60(b)(1) motion where the lawyer "forgot to 'calendar' the deadline for a response"); *cf. Brittingham v. Wells Fargo Bank, N.A.*, 543 Fed.Appx. 372, 374 (5th Cir. 2013) ("We have previously held that a district court does not abuse its discretion when it denies a Rule 60(b)(1) motion where the proffered justification for relief is the careless mistake of counsel.").
[6] *See* Fed. R. Civ. P. 16, 83.
Document Number: 58484